| ERIN DESDUNES | * | NO. 2024-CA-0424 |
|---|---|---|
| VERSUS | * | COURT OF APPEAL |
| SEWERAGE & WATER BOARD OF NEW ORLEANS | * | FOURTH CIRCUIT |
| | * | STATE OF LOUISIANA |
| | * | |
| | * | |

* * * * * * *

*RLB*
**BELSOME, C.J., DISSENTS AND ASSIGNS REASONS**

I respectfully dissent from the majority. The Sewage and Water Board of New Orleans' ("Board") attendance policy states that failure to report to work for three consecutive working days without notice or approval may be deemed a voluntary resignation due to job abandonment.[1] Erin Desdunes ("Mr. Desdunes"), who had only recently achieved permanent status with the Board, was arrested and subsequently incarcerated for 70 days, and failed to report to work during that period. Pursuant to the Board's policy, job abandonment is not a disciplinary matter, and as such, Mr. Desdunes was not entitled to a pre-termination hearing.[2] In light of the Board's attendance policy, I find the Commission's conclusion that Mr. Desdune was denied due process in contravention to the Board's pre-termination rule was manifest error. For these reasons, I dissent and would reverse the Commission's judgment and reinstate the termination of employment imposed by the Board.

---

[1] Sewage and Water Board of New Orleans' Attendance Policy states:
> An employee who fails to report to work as scheduled for three (3) consecutive working days without notice or without approval may be considered to have voluntarily resigned from his or her position due to job abandonment. Since job abandonment is considered a voluntary resignation, it is not a disciplinary action and therefore not subject to a Pre-Termination hearing.

[2] *See La. Const. Art. X, §8; and Civil Service (CS) Rule IX, Section 1.1(a)*